IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2022

## KLDW WYOCORP, INC v. REGINALD HALL

**Appeal from the Chancery Court for Anderson County**
**No. 21CH3624       M. Nichole Cantrell, Chancellor**

_____

**No. E2022-00799-COA-R3-CV**

_____

Because the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.;  D. MICHAEL SWINEY, C.J.; AND KRISTI M. DAVIS, J.

Reginald Hall, Oak Ridge, Tennessee, pro se appellant.

Robert Andrew Dziewulski, Knoxville, Tennessee, for the appellee, KLDW Wyocorp, Inc.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant, Reginald Hall, to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).  This Court does not

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The notice of appeal filed by appellant shows that appellant is appealing the Trial Court's order entered on June 6, 2022. The Trial Court entered two orders on June 6, 2022. The first order, entered at 12:00 p.m., stayed a writ of possession "until such time as the Plaintiff, KLDW is in compliance with the bond requirement under T.C.A. § 29-18-130(b)(1)." In the second order, which was entered at 2:25 p.m., the Trial Court explained: "No final hearing or trial has been held and therefore the court cannot issue a final order." The Trial Court further stated:

> As to the scheduling of the Jury Trial, this court will provide dates available for the Jury Trial in January 2023 to both parties and will issue a Scheduling Order once a date has been agreed upon by the parities.

> * * *

> The General Sessions Order was not subject to be vacated by this court as the proceeding before this court is a de novo appeal. Therefore, the Motion to Vacate the lower court[']s order is denied. The proper procedure is to go through the appeal process and not to vacate the Judgment.

> * * *

> [T]he Appellant has continued to demonstrate a lack of understanding of the Rules of Civil procedure and a lack of understanding of the court's orders as well as the Court Of Appeal's orders by alleging that the court is withholding from him a final judgment. The court has attempted to explain on numerous occasions that there is no final judgment issued in this cause of action because the case has not been set for a final hearing or trial on the appeal.

Appellant responded to our show cause order, but failed to show that a final judgment has been entered. "Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). Because the June 6, 2022 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Reginald Hall, for which execution may issue.

**PER CURIAM**